UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN J. WINDHORST** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-6961** |
| | * | |
| **STATE FARM FIRE & CASUALTY** | * | |
| **COMPANY, ET AL.** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 4). For the following reasons, the motion is GRANTED.

**I.      BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 335 Fairfield Drive in Gretna, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire & Casualty Company ("State Farm"), the Plaintiff's insurance carrier, and NCC Louisiana, LLC ("NCC"), a contractor hired by the Plaintiff to repair the Plaintiff's property.

Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana on August 27, 2007, seeking damages against State Farm for allegedly failing to pay insurance proceeds due under the policy and seeking a declaratory judgment against NCC regarding its fees and/or estimates. State Farm removed the matter to this Court on October 17, 2007 arguing that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441. Specifically, State Farm argues that the Plaintiff does not assert a claim against NCC and that the Plaintiff and NCC have an identical interest in validating the fees and estimates provided by

NCC. Since no relief is being sought, State Farm argues that NCC is a nominal party and its citizenship may be disregarded for diversity purposes. On November 11, 2007, the Plaintiff filed the instant motion to remand.

## II. LAW & ANALYSIS

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

### 1. Fraudulent Joinder

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Jeringan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Typically, the removal statute is to be construed narrowly and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). In order to demonstrate that resident defendants were improperly joined, the removing defendant must show that "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Accident & Ind. Co.*, – F.3d –, No. 06-20498, 2007 WL 1847141, *2 (5th Cir. June 28, 2007). "The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *4 (E.D. La. July 21, 2006).

"Claims of fraudulent joinder should be resolved by a summary judgment-like

procedure whenever possible. Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). As a result, all disputed questions of fact and ambiguities of state law must be resolved in favor of the non-moving party. *Gasch*, 2007 WL 1847141 at *2.

While several plaintiffs in this district have filed declaratory judgment actions against their local contractors, it appears that no Court in this district has directly addressed such a claim in the context of a motion to remand. *See, e.g. Thompson v. ZC Sterling Ins. Agency, Inc.*, 2007 WL 1098883 (E.D. La. April 11, 2007); *Boutwell v. Metroplan Prop. & Cas. Ins. Co.*, 2007 WL 925905 (E.D. La. March 23, 2007); *Arias v. American Nat. Property & Cas. Co.*, 2007 WL 625934 (E.D. La. Feb. 22, 2007); *Caldwell v. State Farm Fire & Cas. Co.*, 2007 WL 128861 (E.D. La. Jan. 17, 2007).

Article 1871 of the Louisiana Code of Civil Procedure provides that courts "may declare rights, status and other legal relations whether or not further relief is or could be claimed." La. Code Civ. Proc. art. 1871. Article 1872 provides that "[a] person interested under a ... written contract ... may have determined any questions of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder." La. Code Civ. Proc. art. 1872. The purpose of a declaratory judgment is to "establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done." *Wooley v. State Farm Fire & Cas. Ins. Co.*, 2005-1490 (La. App. 1 Cir. 2/10/06), 928 So.2d 618, 621. "The declaratory judgment articles are remedial

in nature and must be liberally construed and applied so as to give the procedure full effect within the contours of a justiciable controversy." *Perschall v. State*, 96-0322 (La. 7/1/97), 697 So.2d 240, 253.

The Plaintiff has filed action seeking, in part, a declaratory judgment that NCC's fees and/or estimates are either reasonable, justified and necessary or, in the alternative, a declaratory judgment that such fees and/or estimates are excessive and unreasonable. Plaintiff argues that Articles 1871 and 1872 of the Louisiana Code of Civil Procedure permit the filing of this action. Specifically, the Plaintiff argues that this action against NCC is to determine whether NCC's charges were reasonable or whether State Farm's interpretation of the reasonableness of NCC' fees is correct. State Farm argues that the Plaintiff does not seek any actual recovery against NCC, and, therefore, the Plaintiff has no claim or possibility of recovery against NCC. The Court cannot say that the Plaintiff has no possibility of asserting a cause of action against NCC.

2.   **Nominal Party**

If a party is a "nominal party," the Court may disregard its citizenship. *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006). A party is a "nominal party" for removal purposes when "in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Id.* (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)) (alteration in original). Alternatively, the test has been articulated as "whether or not a named party's role in the law suit is that of depositary or stakeholder." *Id.* (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)) (internal quotation

marks omitted). The Fifth Circuit has stated that "the bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court." *Farias v. Bexar County Bd. of Trustees for MentalHealth Mental Retardation Services*, 925 F. 2d 866, 872 (5th Cir. 1991). The Court is to "take practical considerations into account in making this determination." *Union Oil*, 458 F.3d at 367.

State Farm argues that NCC is a nominal party because Plaintiff's dispute with NCC is based on a separate contract with NCC and that the Plaintiffs could bring a separate action against NCC on that issue. As stated above, a nominal party for removal purposes when "in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Id.* at 366. Taking into account practical considerations, the Court finds that NCC is not a nominal party. While the Plaintiff could bring a separate action against NCC, it is entirely possible that the Plaintiff could be subject to conflicting judgments. For example, in his proceeding with State Farm, a jury could determine that NCC's pricing was totally unreasonable and therefore, State Farm may not be required to pay NCC's invoices. Then, in a separate proceeding against NCC, a jury could determine that NCC's pricing is reasonable.

### 3. *Tapscott* Misjoinder

State Farm also argues that the Plaintiff has misjoined his causes of action under *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit recognized a third type of fraudulent joinder in addition to showing actual fraud in the pleading jurisdictional facts and the inability of the plaintiff to establish a cause of action against the non-diverse defendant. 344 F.3d at 1360. The Eleventh Circuit held that the

"egregious" misjoinder of parties that have no real connection to each other, as opposed to "mere" misjoinder, can constitute improper joinder. *Id.* Based on the discussion above, the Court cannot say the joinder of these claims rises to the level of egregiousness required by *Tapscott*.

### 4. Realignment of Parties

State Farm also argues that the Court should realign NCC and treat it as a plaintiff under *Zurn Industries, Inc. v. Aeton Construction Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988). Several courts within this circuit have expressed their doubt that *Zurn* applies to removal cases. *See Roblez v. Ramos*, 2001 WL 896942, *2 - *4 (N.D. Tex. Aug. 1, 2001); *see also Prime Income Asset Management Co., Inc. v. Waters Edge Living, LLC*, 2007 WL 2229050, *4 (N.D. Tex. Aug. 3, 2007); *Washington v. Ernster*, 2007 WL 307028, *4 (E.D. Tex. Jan. 29, 2007). The Court finds the reasoning of *Roblez*, *Waters Edge* and *Washington* persuasive and declines to hold that realignment is proper to permit removal when a defendant has relied on improper joinder to remove a case based on diversity jurisdiction.

## III.   CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED and this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana this 16th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE